**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA PICASA HERNANDEZ, AKA
Maria Picaso Hernandez,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

Respondent.

No.    13-73911

Agency No. A079-794-556

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 2, 2017
Portland, Oregon

Before:  PAEZ and BEA, Circuit Judges, and LAMBERTH,[**] District Judge.

Petitioner Maria Picasa Hernandez ("Picasa Hernandez"), a citizen and

native of Mexico, petitions for review of the Board of Immigrations Appeals'

("BIA") decision denying her claims for withholding of removal and protection

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Royce C. Lamberth, United States District Judge for the District of Columbia, sitting by designation.

under the Convention Against Torture ("CAT"). We grant the petition and remand for further proceedings.

We review "the [BIA's] legal conclusions de novo and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (internal citation omitted).

**1.** In rejecting Picasa Hernandez's claim for withholding of removal, the BIA erred as a matter of law when it concluded that she could safely and reasonably relocate within Mexico.[1] The governing regulation, 8 C.F.R. § 1208.16(b)(3), sets forth the factors that adjudicators "should consider" when assessing whether internal relocation would be reasonable, including "geographical limitations[] and social and cultural constraints, such as age, gender, health, and social and familial ties." We have held that under section 1208.16(b)(3) adjudicators *must* consider the listed factors and decide their relative weight and relevance before making a determination on internal relocation. *See, e.g.*, *Afriyie v. Holder*, 613 F.3d 924, 935-36 (9th Cir. 2010) (remanding because it was unclear "whether the BIA

---

[1] The Immigration Judge ("IJ") found Picasa Hernandez and her half-brother credible. The BIA assumed that Picasa Hernandez had "demonstrated past persecution." Therefore, on her claim for withholding Picasa Hernandez is entitled to a presumption of future persecution under 8 C.F.R. § 1208.16(b), and the government bears the burden of establishing that Picasa Hernandez can safely and reasonably relocate within Mexico to avoid future harm. *See Afriyie v. Holder*, 613 F.3d 924, 934-35 (9th Cir. 2010).

considered the requisite regulatory factors pertinent to the reasonableness analysis" for Afriyie's withholding and asylum claims). The BIA failed to consider all of the regulatory factors when it concluded that Picasa Hernandez could safely and reasonably relocate in Mexico. In particular, the BIA overlooked Picasa Hernandez's age, gender, social and familial ties, and economic circumstances.

Picasa Hernandez was 55 years old when she appealed to the BIA. She is now 59 years old. She has received only one year of primary school education. Her sole property is located in Achimaro, Mexico. The Sanchez brothers live adjacent to her property and have attacked Picasa Hernandez and her family on multiple occasions for trying to protect the property. Even though her cousin-in-law has been able to tend to the land, the record indicates that Picasa Hernandez may not be able to do the same. The Sanchez brothers, who are affiliated with Los Zetas, a transnational drug-trafficking cartel, murdered her cousin in 2008 for defending the family cattle, which suggests Picasa Hernandez would be similarly limited in her ability to control and maintain the property. Additionally, unlike her cousin-in-law, Picasa Hernandez reported the Sanchez brothers to the mayor and was threatened and physically assaulted as a result. Armed with a rifle, the Sanchez brothers attacked Picasa Hernandez and told her that they would murder her and her young children. Even after Picasa Hernandez fled to the United States

in 2002, the brothers have continued to threaten her by phone. The record evidence demonstrates, as Picasa Hernandez asserts, that the Sanchez brothers have "single[d] her out." Picasa Hernandez has no immediate family left in Mexico and no real home to which to return.[2]

The BIA failed to assess any of these factors in its decision, contravening both the governing regulation and legal precedent.[3] Thus, we grant Picasa Hernandez's petition for withholding of removal, and remand for the BIA to consider "the correct factors in its relocation analysis." *Afriyie*, 613 F.3d at 936. Because the BIA "assumed past persecution," it may also consider on remand whether Picasa Hernandez has "demonstrate[d] past persecution for the purpose of withholding of removal." *Id.* at 937.

---

[2] We note that after the Sanchez brothers murdered Picasa Hernandez's brother-in-law, her husband fled to Mexico City. After only a year, he was forced to relocate to the United States when he discovered that the Sanchez brothers were looking for him in Mexico City. The mere existence of a "post-threat harmless period" is insufficient to establish safe and reasonable relocation. *Cardenas v. I.N.S.*, 294 F.3d 1062, 1067 (9th Cir. 2002). This is particularly true where, as here, the persecutors have continued to track their victims**.**

[3] *Knezevic v. Ashcroft* provides a helpful framework for assessing the internal relocation factors. 367 F.3d 1206, 1214 (9th Cir. 2004) ("To expect the [petitioners] to start their lives over again in a new town, with no property, no home, no family, and no means of earning a living is not only unreasonable, but exceptionally harsh").

**2.**     The BIA similarly erred as a matter of law when it denied Picasa Hernandez's CAT claim solely on the basis of internal relocation. The governing regulation, 8 C.F.R. § 1208.16(c)(3), requires adjudicators to evaluate several factors when an applicant has applied for CAT protection, including past torture, internal relocation, evidence of "gross, flagrant or mass violations of human rights," and other relevant information about country conditions. We held in *Maldonado v. Lynch* that "[i]n deciding whether the applicant has satisfied his or her burden, the IJ must consider all relevant evidence, including *but not limited to* the possibility of relocation within the country of removal." 786 F.3d 1155, 1164 (9th Cir. 2015) (en banc) (emphasis added). Under the regulation, "no one [CAT] factor is determinative." *Id.* Even if the BIA correctly determinated that Picasa Hernandez could safely relocate, it was error for the agency to end its inquiry there.

Because the BIA issued its decision two years before *Maldonado*, it did not have the benefit of our opinion. We therefore grant Picasa Hernandez's petition as to her CAT claim, and remand to the agency for further consideration in light of our decision in *Maldonado*. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 364 (9th Cir. 2017).

**PETITION FOR REVIEW GRANTED; REMANDED.**